On writ of certiorari (336 U. S. 935) to review a judgment of the Court of Claims granting defendant’s motion to dismiss certain claims in plaintiff’s amended petition and holding that since the plaintiff knew that its stores and supplies in the Philippine Islands had either been requisitioned for military purposes by the United States Govern *844 ment during the- war with. Japan or destroyed in order to prevent them from falling into the hands of the enemy, it was possible to file a timely claim against the .Government within the limitations, of Section 156 ■ of the Judicial Code (28 U. S. C. 262, 1940 Edition).
On March 27,1950, the judgment of the Court of Claims was vacated by the Supreme Court and the cause was remanded to the. Court of Claims for further action in accordance .with the opinion of the Supreme Court.
The opinion of the Supreme Court was delivered by
Mr. Justice Black,
which concluded as follows:
The case reaches us upon pleadings that allege only the fact of taking in 1941 and 1942, more than six years before the Seventh and Fifteenth claims were filed by petitioner. We do not intimate that any facts could have the effect of relieving petitioner from the limitation of the statute, nor what facts should be alleged that could have that effect. .
It might be assumed in favor of petitioner’s pleadings what is judicially known, that the Japanese were, for all practical purposes, in complete control of the Philippine Islands by May 1942, and continued in control until sometime subsequent to October 1944, when the United States Army returned. But it cannot be assumed that petitioner was deprived of information about its property before and during that period. The pleadings do not so inform, and certainly a court could not know judicially the facts- of petitioner’s information or lack of information. Then there is the period from the United States reoccupation in 1945 to March 24, 1948. With respect to this period of United States control of the Islands, nothing is alleged by petitioner concerning its deprivation of or access to information about the taking of its property at the. times set forth in the claims.
True, the discussion of petitioner’s claims seems to have been at large before the Court of Claims as to the information or lack of information petitioner had concerning its claims and-as;to the<effect such information or lack thereof might have had upon petitioner’s right to file the claims more than'isix years after they accrued. The majority opinion of. the Court of Claims recites:
. “Plaintiff alleges that because of the loss and destruction of its records proper claims could not be filed until the Japanese occupation had éiidedand opportunity had to reconstruct statistically the properties, stocks, equip *845 ment, etc., owned by it at the time of requisitioning or destruction.”
There are no such allegations in the amended petition. What allegations there are in the petition bring the case squarely within the statute, which denies the Court of Claims power to entertain an action brought more than six years after the action accrues.
Thus the case was decided not only upon what was alleged in the pleadings but upon other allegations as well, as to which no clear inkling, appears in the record. Because the Court of Claims considered these additional allegations, it is urged that we should also consider them. But we cannot consider such allegations in determining the sufficiency of the cause stated. After all, pleadings and the making of a proper record have not been dispensed with. They still have a function to perform. This case points up that function. We will not review questions not clearly raised on the record.
Since it is apparent that facts were considered by both the Court of Claims and counsel that were not in the pleadings, and the court’s opinion and Judgment take cognizance of such facts, the judgment is vacated and the cause is remanded. The Court of Claims may permit further pleadings if in the court’s discretion such further pleadings seem proper and just. If permission to plead further is denied, or if petitioner fails to plead further should permission be granted, the cause shall be dismissed.
Mr. Justice Douglas took no part in the consideration or decision of this case.